# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE JAMES, | ) |
|        Plaintiff, | ) |
| vs. | ) CIVIL NO. 10-67-GPM |
| DR. OBADINA, | ) |
|        Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Eddie James filed this 42 U.S.C. § 1983 action on January 27, 2010 against Defendants Illinois Department of Corrections, Physicians Assistant Gerst, Nurse Lucas, Nurse Ferrari, Nurse Peek, Nurse Lane, Nurse Melvin, Warden Schwartz, Michael P. Randle, and P.T. Verol. Upon preliminary screening pursuant to 28 U.S.C. § 1915A, the Court issued an Order dismissing all Defendants but Dr. Obadina from the action for failure to state a claim (Doc. 6). That Order addressed each Defendant in turn, and examined all of Mr. James's allegations. Now, Mr. James files a "motion for reconsideration" of the Court's Order (Doc. 9). Mr. James does not identify under what Federal Rule he purports to bring his motion. Before he filed his motion, Mr. James did request an extension of time beyond 10-days. In previous incarnations of the Federal Rules, a ten-day filing deadline applied to Rule 59(e) motions–so the Court construed Mr. James's motion as a Rule 59(e) motion to amend Judgment as to the dismissed Defendants (Doc. 8).[1]

---

[1] The Court also considered that no other Rule provides grounds for Mr. James's "motion to reconsider."

Mr. James's motion does not suggest any new evidence, nor does it complain of any blatant legal error as is required for relief under Rule 59(e). *See Heyde v. Pittenger,* 633 F.3d 512, 521 (7th Cir. 2011) *(*"Rule 59(e) allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence.") (internal citations and quotations omitted); *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) ("'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication or failure to recognize controlling precedent.") (internal citations and quotations omitted); *Egonmwan v. Cook County Sherriff's Dept.,* 602 F.3d 845, 852 (7th Cir. 2010) ("As for new evidence, motions under Rule 59(e) cannot be sued to introduce evidence that could have been presented earlier.").

Mr. James does argue that the Court adopted a heightened pleading standard during the 1915A screening. Mr. James is correct that in order to state a claim he must provide a "short and plaint statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). However, while "we construe pro se complaints liberally," *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009), Mr. James's complaint was required to "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008) (emphasis in original). Mr. James's claims fail to state a claim as to all Defendants except Mr. Obadina. The Court's Order analyzes the claims against each Defendant in turn and explains why the claims fail. Indeed, apart from his reference to the pleading standard, Mr. James's motion for reconsideration contains no new argument. It rehashes the arguments of his complaint, which the Court considered and addressed in its Order. There is no need to re-address them. Mr. James's

motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

DATED: April 11, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge